1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SEAN MICHAEL VASKO,                    No.  2:24-CV-0427-DMC-P

12                    Petitioner,           <u>ORDER</u>

13        v.                                and

14   AMADOR COUNTY JAIL,                    <u>FINDINGS AND RECOMMENDATIONS</u>

15                    Respondent.

16

17              Petitioner, a prisoner proceeding pro se, brings this petition for a writ of habeas

18   corpus pursuant to 28 U.S.C. § 2254.  Pending before the Court is Petitioner's petition.  <u>See</u> ECF

19   No. 1.

20              Rule 4 of the Federal Rules Governing Section 2254 Cases provides for summary

21   dismissal of a habeas petition "[i]f it plainly appears from the face of the petition and any exhibits

22   annexed to it that the petitioner is not entitled to relief in the district court."  In the instant case, it

23   is plain that Petitioner is not entitled to federal habeas relief.

24              As demonstrated on the face of the petition, Petitioner has not exhausted state

25   court remedies.  Under 28 U.S.C. § 2254(b), the exhaustion of available state remedies is required

26   before claims can be granted by the federal court in a habeas corpus case.  <u>See</u> <u>Rose v. Lundy</u>,

27   455 U.S. 509 (1982); <u>see also</u> <u>Kelly v. Small</u>, 315 F.3d 1063, 1066 (9th Cir. 2003); <u>Hunt v. Pliler</u>,

28   336 F.3d 839 (9th Cir. 2003).  The exhaustion doctrine is based on a policy of federal and state

comity, designed to give state courts the initial opportunity to correct alleged constitutional

deprivations.  See Picard v. Connor, 404 U.S. 270, 275 (1971); see also Rose, 455 U.S. at 518.

"A petitioner may satisfy the exhaustion requirement in two ways: (1) by providing the highest

state court with an opportunity to rule on the merits of the claim . . .; or (2) by showing that at the

time the petitioner filed the habeas petition in federal court no state remedies are available to the

petitioner and the petitioner has not deliberately by-passed the state remedies."  Batchelor v.

Cupp, 693 F.2d 859, 862 (9th Cir. 1982) (citations omitted).  Exhaustion is not a jurisdictional

requirement and the court may raise the issue sua sponte.  See Simmons v. Blodgett, 110 F.3d 39,

41 (9th Cir. 1997).

Here, Petitioner states in the petition that he was convicted on November 27, 2023,

and is awaiting sentencing.  See ECF No. 1, pg. 1.  Petitioner affirmatively states that he has not

filed any state court appeals.  See id. at 2.  Thus, not only is the petition unexhausted, it appears

that it is premature in that Petitioner's conviction has not yet become final upon sentencing.

Based on the foregoing, the undersigned orders and recommends as follows:

1.       It is ORDERED that the Clerk of the Court is directed to randomly assign a

District Judge.

2.       It is RECOMMENDED that Petitioner's petition for a writ of habeas

corpus, ECF No. 1, be summarily dismissed for failure to exhaust state court remedies.

These findings and recommendations are submitted to the United States District

Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

after being served with these findings and recommendations, any party may file written

objections with the court.  Responses to objections shall be filed within 14 days after service of

objections.  Failure to file objections within the specified time may waive the right to appeal.  See

Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 11, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE